JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
NATASHA BOBB-HOYTE

## DEFENDANTS
DICKSON HOSPITALITY, LLC d/b/a DAYS INN SCRANTON

(b) County of Residence of First Listed Plaintiff: **Kings**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Montgomery**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Steven Laynas, Esquire
Laynas & Georges, P.C.
1500 JFK Blvd., Suite 1300, Phila., PA 19102; 215-851-8700

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332
Brief description of cause:
Diversity

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ 150,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____  DOCKET NUMBER _____

DATE: 7-22-21
SIGNATURE OF ATTORNEY OF RECORD: *(signed)*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)

Address of Plaintiff: 119 Rockaway Parkway #1F, Brooklyn, NY 11212

Address of Defendant: c/o Registered Agents, Inc., 1150 First Avenue, Suite 551, King of Prussia, PA 19406

Place of Accident, Incident or Transaction: Scranton, PA

---

**RELATED CASE, IF ANY:**

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [✓]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [✓]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [✓]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [✓]

I certify that, to my knowledge, the within case [ ] is / [●] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____   _____ Attorney-at-Law / Pro Se Plaintiff   _____ Attorney I.D. # (if applicable)

Must sign here

---

**CIVIL:** (Place a √ in one category only)

A.  *Federal Question Cases:*
1. Indemnity Contract, Marine Contract, and All Other Contracts
2. FELA
3. Jones Act-Personal Injury
4. Antitrust
5. Patent
6. Labor-Management Relations
7. Civil Rights
8. Habeas Corpus
9. Securities Act(s) Cases
10. Social Security Review Cases
11. All other Federal Question Cases
    (Please specify): _____

B.  *Diversity Jurisdiction Cases:*
1. Insurance Contract and Other Contracts
2. Airplane Personal Injury
3. Assault, Defamation
4. Marine Personal Injury
5. Motor Vehicle Personal Injury
6. [✓] Other Personal Injury (Please specify): Slip & Fall
7. Products Liability
8. Products Liability – Asbestos
9. All other Diversity Cases
   (Please specify): _____

---

**ARBITRATION CERTIFICATION**
(The effect of this certification is to remove the case from eligibility for arbitration.)

I, Steven Laynas, counsel of record *or* pro se plaintiff, do hereby certify:

[✓] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 7-23-21   _____ Attorney-at-Law / Pro Se Plaintiff   33906 Attorney I.D. # (if applicable)

Sign here if applicable

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| NATASHA BOBB-HOYTE | : | CIVIL ACTION |
| v. | : | |
| DICKSON HOSPITALITY, LLC d/b/a DAYS INN SCRANTON | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( X )

_7/23/21_      _[signature]_           _____
**Date**        **Attorney-at-law**      **Attorney for Plaintiff**

_215-851-8700_   _267-282-0422_        _SLaynas@Laynaslaw.com_
**Telephone**    **FAX Number**         **E-Mail Address**

(Civ. 660) 10/02

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATASHA BOBB-HOYTE | : |
| Plaintiff | : |
| v. | : Civil Action No. |
| DICKSON HOSPITALITY, LLC d/b/a DAYS INN SCRANTON | : |
| Defendant | : |

## **COMPLAINT**

### **Background**

1. Plaintiff, Natasha Bobb-Hoyte, is an adult who currently resides at 119 Rockaway Parkway #1F, Brooklyn, NY 11212.

2. Defendant, Dickson Hospitality, LLC d/b/a Days Inn Scranton, is a limited liability company organized under the laws of the Commonwealth of Pennsylvania, with a registered address c/o Registered Agents, Inc., 1150 First Avenue, Suite 551, King of Prussia, Montgomery County, PA 19406.

### **Jurisdiction**

3. This Court has subject matter jurisdiction with respect to this matter under the provisions of 28 U.S.C. §1332, as there exists a diversity of citizenship between the parties.

4. Venue is proper in this Court under the provisions of 28 U.S.C. §1391 because defendant maintains its registered offices in Montgomery County, Pennsylvania.

### **Demand for Jury Trial**

5. Plaintiff hereby demands a trial by jury.

## Factual Allegations

6. At all times relevant to this Complaint, defendant owned, occupied, possessed and/or controlled the real property known as Days Inn Scranton, 1946 Scranton Carbondale Highway, Scranton, PA 18508, hereinafter sometimes referred to as the "business premises."

7. At all times relevant hereto, defendant was the owner and/or possessor of the premises and surrounding curtilage including the parking lot at the business premises and maintained ultimate control thereof.

8. At all times relevant hereto, defendant had a common law duty and obligation to maintain the area and surrounding curtilage including the parking lot of the business premises in a manner so as to allow reasonable ingress and egress, and to keep said area reasonably safe and accessible, i.e., free from snow, ice and other hazards.

9. On or about February 16, 2021, plaintiff was a business invitee of defendant and as such, was due the highest duty of care.

10. As plaintiff was attempting to traverse the parking lot of the business premises, the plaintiff was caused to slip, trip and fall on hills and ridges of ice and snow which had been allowed to accumulate and remain in the parking lot of the said business premises.

11. The injuries and damages hereinafter set forth were caused solely by, and were the direct and proximate result of, the negligence, carelessness and recklessness of the defendant, and were due in no manner whatsoever to any act or failure to act on the part of the plaintiff.

12. The aforesaid injuries resulting to the plaintiff occurred solely as a result of the negligence, carelessness and recklessness of the defendant, who was charged with clearing the area where plaintiff fell from hills and ridges of ice and snow and consisted of at least the following:

(a) In failing to properly inspect the parking area where plaintiff fell to insure that it was in a safe condition;

(b) In causing or permitting hills and ridges of ice and snow to accumulate upon the parking lot at a point where it posed an unreasonable risk of injury to the plaintiff and other individuals;

(c) In failing to make a reasonable inspection of the parking area which would have revealed the existence of hills and ridges of ice and snow and the dangerous condition caused thereby;

(d) In failing to give warning of the dangerous condition posed by the accumulation of hills and ridges of ice and snow, erect barricades, or take any other safety precautions to prevent injury to the plaintiff and other individuals similarly situated;

(e) In failing to remove the hills and ridges of ice and snow and keep the parking areas clear from the accumulation of same; and

(f) In violating the various municipal ordinances and laws of the Commonwealth of Pennsylvania pertaining to the maintenance of parking lots.

13. Solely as a result of the negligence of the defendant as aforesaid, plaintiff, was caused to trip slip stumble and fall and has sustained the following injuries, all of which are or may be of a serious and permanent nature, including displaced fracture of left elbow requiring open reduction and internal fixation, a surgical procedure; injuries to back and neck; scarring; and other severe and serious injuries, the full extent of which are not known at present, including possible aggravation and activation of pre-existing injuries.

14. Solely as a result of the defendant's negligence and carelessness, plaintiff has, and will in the future, be obliged to expend monies for medicine and medical care in order to treat and help to cure her injuries.

15. Solely as a result of the defendant's negligence and carelessness, plaintiff has been, and will in the future, be unable to attend to her usual and daily duties and employment, to his great financial detriment and loss.

16. Solely as a result of defendant's negligence, carelessness and recklessness, plaintiff has endured great pain and suffering and will continue to suffer in the future great pain and suffering and a loss of life's pleasures.

WHEREFORE, plaintiff demands judgment in his favor and against defendant in an amount in excess of Seventy Five Thousand Dollars ($75,000.00), together with Court costs, interest and attorney's fees.

**LAYNAS & GEORGES, P.C.**

By: _____
Steven Laynas, Esquire

1500 JFK Boulevard, Suite 1300
Philadelphia, PA  19102
(215) 851-8700; (267) 282-0422 (fax)
SLaynas@Laynaslaw.com

Attorneys for Plaintiff

## **VERIFICATION**

I, NATASHA BOBB-HOYTE, plaintiff in the above matter, hereby verify that the statements made in the foregoing are true and correct to the best of my knowledge, information and belief. I understand that the statements herein are made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

*Natasha Bobb-Hoyte*
NATASHA BOBB-HOYTE